Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

**RUTH JOHNSON**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana



FILED
Nov 21 2012, 9:21 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

LANIKA YOUNG, )
)
Appellant-Defendant, )
)
vs. )   No. 49A04-1203-CR-138
)
STATE OF INDIANA, )
)
Appellee-Plaintiff. )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable William Nelson, Judge
Cause No. 49F07-1012-CM-092990

**November 21, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Lanika Young ("Young") pleaded guilty to Class A misdemeanor carrying a handgun without a license and was sentenced to 365 days in the Marion County Jail with 359 days suspended and 180 days of reporting probation. On February 29, 2012, the trial court revoked her probation and ordered the previously suspended 359 days executed. Young appeals and argues that the imposition of probation at the time of the plea and the executed sentence at the violation of probation hearing was an illegal sentence.

We affirm.

## Facts and Procedural History

On February 24, 2011, Young pleaded guilty to Class A misdemeanor carrying a handgun without a license. She was sentenced to 365 days in the Marion County Jail with six days executed, two days of jail credit, and 359 days suspended. She was also sentenced to 180 days of probation. On May 20, 2011, the probation department filed a probation modification request asking for Young's probation to be extended to enable her to meet her probation conditions. The court granted this request.

On June 14, 2011, the State filed a Notice of Probation Violation due to Young's failure to report to probation, to comply with Community Service Work, to enroll in Day Adult Program, to make monthly payments towards her court-ordered monetary obligations, to maintain full time employment, to report to the drug lab, and to call the drug testing randomization hotline. The trial court found she had violated her probation but continued her on probation. On July 25, 2011 and August 19, 2011, the State filed two separate amended notices of probation violation and both listed additional dates that

2

Young had failed to report to the drug lab. The court extended her probation until October 26, 2011.

On October 19, 2011, a third amended notice of probation violation was filed. It included additional dates Young had failed to report to the drug lab and noted that she had failed a drug test by testing positive for opiates on September 30, 2011. The trial court extended her probation until January 25, 2012. On January 18, 2012, a fourth amended notice of probation violation was filed that listed additional dates Young had failed to report to the drug lab, and it asserted she had failed to provide the correct address to probation and failed to refrain from associating with people who are in violation of the law. On February 29, 2012, Young admitted to the new probation violations and the Court revoked Young's probation and ordered the previously suspended 359 days executed.

Young now appeals.

## Discussion and Decision

The trial court's decision whether to revoke probation is reviewed for an abuse of discretion. Rosa v. State, 832 N.E.2d 1119, 1121 (Ind. Ct. App. 2005). "An abuse of discretion occurs if the decision is against the logic and effect of the facts and circumstances before the court." Id. If a person is found to have violated the terms of his probation, the trial court can "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing." Ind. Code § 35-38-2-3(g)(3).

Young argues that the original sentence of 365 days with 359 suspended and 180 days of probation was illegal, because it exceeded the maximum allowed under Indiana

Code section 35-50-3-1(b), which provides that "the combined term of imprisonment and probation for a misdemeanor may not exceed one (1) year." Young also argues that the sentence imposed upon revocation of her probation, ordering execution of the 359 days of the suspended sentence, is illegal as well.

We do not review a complaint about a defendant's underlying sentence on an appeal from revocation of probation. Stephens v. State, 818 N.E.2d 936, 939 (Ind. 2004) ("[A] defendant cannot collaterally attack a sentence on appeal from a probation revocation.") (citing Schlichter v. State, 779 N.E.2d 1155, 1157 (Ind. 2002)). Consequently, we will not review Young's argument that the original sentence was illegal. Young should have appealed her sentence when it was imposed.

Furthermore, at the probation revocation proceeding, Young was sentenced to execute the 359 days of her sentence that had been suspended, as allowed under Indiana Code section 35-38-2-3(g)(3). Since Young's probation has been revoked and her total sentence is now executed, the issue under Indiana Code section 35-50-3-1(b) is moot.

Moreover, to the extent Young argues that the trial court erred by ordering her to serve her previously suspended sentence, we note that the trial court revoked Young's probation and ordered execution of the suspended sentence, because she had been given multiple opportunities to meet the conditions of her probation after which the court observed that it did not "see any effort here" by Young. Tr. p. 9. We agree. Young failed to meet the terms of her probation and was given numerous opportunities to do so. Under these facts and circumstances, the trial court did not abuse its discretion by revoking the 359 days of Young's suspended sentence.

4

Affirmed.

VAIDIK, J., and BARNES, J., concur.